VIRGINIA COPE, plaintiff in error, vs. THE SAVANNAH MUTUAL LOAN ASSOCIATION, et al. defendant in error.

Deeds of mortgage are not included in the word conveyances, of the Act of 1826, to amend an Act, "to enable feme coverts to convey their estate."

Petition for dower, in Chatham Superior Court,   Decision by Judge Fleming, August, 1857.

This was an application by Mrs. Virginia Cope, the widow of John L. Cope, deceased, for dower in the real estate of her late husband, situated in the city of Savannah.

The application was resisted and traversed by the Savannah Mutual Loan Association, and the Oglethorpe Mutual Loan Association.

By consent of counsel, the jury rendered the following special verdict:

In the matter of the application of VIRGINIA COPE, widow of JOHN L. COPE, deceased, for dower. } In Superior Court, Chatham County.

We, the jury, find that on the fifth day of December, eighteen hundred and fifty-two, the said John L. Cope, being then seized of a lot of land in the City of Savannah, County of Chatham, and State of Georgia, known in the plan of said city as Lot number (13) thirteen, New Franklin Ward, the same being what is commonly called a city lot, and subject to an annual ground-rent of two hundred and twenty-five dollars and twelve cents, payable to the Mayor and Aldermen of the city of Savannah and the Hamlets thereof, was married to the said applicant; that the said John L. Cope, afterwards mortgaged the said lot of land to the persons, at the times, and for the amounts following, to wit: to John N. Lewis, treasurer of the Savannah Mutual Loan Association, by deed dated the fourteenth day of December, eighteen hundred and fifty-two, for the sum of two thousand eight hundred and ninety dollars; to the said John N., treasurer as aforesaid, by deed dated the ninth day of January, eighteen hundred and fifty-four, for the sum of two thousand dollars; to the said John N., treasurer as aforesaid, by deed dated the thirteenth day of March, eighteen hundred and fifty-four, for the sum of one thousand dollars, and to John N. Lewis, treasurer of the Oglethorpe Mutual Loan Association, by deed dated the eleventh day of April, eighteen hundred and fifty-four, for the sum of two thousand dollars; that the said John L. Cope died intestate on or about the       day of eighteen hundred and fifty-four, in possession of the said lot, but subject to the mortgages aforesaid; that letters of administration on the estate of the said intestate were granted to John N. Lewis; that the said first mentioned three mortgages were assigned by the said John N. Lewis, treasurer as aforesaid, to the said Savannah Mutual Loan Association, and the said last mentioned mortgage was assigned

by the said John N. Lewis, treasurer as aforesaid, to the said Oglethorpe Mutual Loan Association; that the said assignees, afterwards, in the Court, proceeded to foreclose the said mortgages, and rules absolute and judgment were rendered thereon in favor of the said assignees, respectively, to wit: in favor of the Savannah Mutual Loan Association on the said first three mortgages, for the sum of five thousand and five hundred and fifty-five dollars, with interest from the twelfth day of March, eighteen hundred and fifty-five, and twenty-three dollars and fifty cents for costs of foreclosure, and in favor of the Oglethorpe Mutual Loan Association, on the said last mentioned mortgage, for the sum of one thousand eight hundred and two dollars, with interest on one thousand seven hundred and eighty-one dollars from the fourth day of April, eighteen hundred and fifty-five, and twenty-three dollars and fifty cents for costs of foreclosure; that writs of fieri facias, in execution of the rules absolute and judgments, were issued and levied on the said lot of land, and that the same was duly and legally sold, by virtue thereof, for the sum of three thousand dollars, public notice of the claim of dower having been given at the time and place of sale, and that said lot is now the property of the Savannah Mutual Loan Association and the Oglethorpe Mutual Loan Association.

If, in the opinion of the Court upon the foregoing facts, the applicant is entitled to dower in the said lot of land, then we find for the applicant; otherwise, we find for the traversers.

                              J. STODDARD, *Foreman.*

Savannah, May 28, 1857.

Whereupon, after argument, the presiding Judge, ordered judgment to be entered for traversers.

To which decision counsel for Mrs. Cope excepted, upon the following grounds:

1st. That the Court erred in deciding that the term " con-

veyance" in the Act of 1826, included mortgages, so as to deprive a wife of dower in lands mortgaged by her husband, such mortgage not being foreclosed, *until after the death* of the husband.

2d. Because the Court erred in deciding that under the Act of 1826, the wife's right to dower does not attach at the time of the marriage, except as to property derived through her, but is postponed to the death of the husband.

3d. Because the Court erred in deciding, that under the facts in this case, the applicant was not entitled to dower in the mortgaged premises.

WARD, OWENS and JONES, for plaintiff in error.

HARDEN & GUERARD ; LAWTON & BASSINGER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Mr. Cope mortgaged the lands in question to the assignors of the defendants in error. His widow, Mrs. Cope claims dower in the lands, and insists, that her right to such dower, is not affected by the mortgages.

Is she right in this? The Court below held that she is not.

All depends on whether deeds of mortgage are included in the word, "*conveyance,*" used in the Act of 1826, to amend an act " to enable *feme coverts* to convey their estates. *Cobb's Dig.* 171.

These are the words of that act; " that from and immediately after the passing of this act, all conveyances, of lands and tenements, made by the husband alone during the coverture, shall be legal and valid, and effectually convey the entire premises therein described," &c.

There is little risk in assuming, that the word, " *conveyances,*" in this Act, has the same meaning which it has, in the other Acts *in pari materia* with this act.

Of these, the most important, perhaps, is the Act of 1760, which this Act amends.

The first section of that act, is as follows : " that all alienations and conveyances whatsoever, which have at any time, heretofore, in this province been made, either by husband and wife having jointly signed a deed of conveyance before witnesses, or by the acknowledgment of the wife of her consent to such a sale of lands and tenements," &c. " shall" "be" " good and effectual against the husband and wife," &c.

Here, it is clear, that the words, " a sale," restrict the words, " alienations and conveyances," to such alienations and conveyances, as grew out of *sales* of the lands. *Mortgage* deeds do not grow out of *sales ;* they grow out of loans or other debts.

This section is retrospective. The second section is prospective. It also uses the word, " conveyances," and the word, " sale ;" and in a manner similar to that in which they are used in the first section.

The word, conveyances, then, in this Act of 1760, does not include deeds of mortgage. *Cobb's Dig.* 161.

The Act of 1755, " to prevent fraudulent deeds of conveyance," the first act of Georgia, on the subject of conveyances, if not on any subject, contains, in its first section, these words : " That all conveyances of lands, tenements, negroes, and other chattels, or hereditaments whatsoever, or mortgages of the same," " shall be registered," &c. Conveyances *or* mortgages, would seem to imply, that conveyances were considered things of one class ; mortgages things of another. *Cobb* 159.

There is more to the same effect, in sections two and four.

The Act of 1785, on the same general subject. has this preamble :

" *Whereas*, many deeds of bargain and sale, and other deeds of feoffment or conveyance, have been made, which have not been enrolled, or livery and seizin had, or may be

Cope vs. The Savannah Mutual Loan Association.

deficient in point of form, when it was the legal intent of the party to sell and lawfully convey the same."

Here again are words of sale—"*to sell.*" These must restrict the word, conveyance, so as to prevent it from including mortgages. *See, too, section five.*

In 1827, we find the Legislature passing an Act especially for the recording of mortgages; and saying, by way of preamble to the Act; " whereas it is doubted, if there be any law of force in this State, requiring deeds of mortgage to be recorded." *Id.* 171. If the word, conveyances, used in the previous Acts to which I have referred had been thought to include mortgages, could this doubt any more have arisen as to mortgages, than as to other deeds?

In section three, this Act has, " deed of conveyance or mortgage," as two things.

The last general Act of registration, is entitled ; " An Act to admit, certain deeds to be recorded," &c. The word used in the body of the Act is also " deeds." The term prescribed, is twelve months. Yet nobody has supposed, that this repeals the part of the Act of 1827, which requires *mortgage* deeds to be recorded within three months. *Id.* 175.

The Act of 1768, " to prevent fraudulent mortgages and conveyances," is in perfect harmony with these Acts, as it regards the sense in which this Act uses, the word, " conveyances." The Act speaks of " deeds of sale, mortgages, or conveyances," as though it meant, that mortgages were to be considered a class by themselves.

It is true, that in the proviso, which makes the third section of the Act: these are the words, " who did not legally join with her husband in such mortgage, or otherwise lawfully bar or exclude herself from such, her dower or right."

But these words may well refer to the common law modes of barring dower, viz. by fine or common recovery, or by the acceptance of a jointure, in lieu of dower.

We think, then, that the word, conveyances, in the Act of

1826, does not include deeds of mortgage; and, therefore, we think the judgment of the Court below, was erroneous.

Judgment reversed.