### EARNEST *v.* SHERWOOD *et al.,* and *vice versa.*

1. When as a result of litigation between a wife and judgment creditors of her husband, who had conveyed to her, by deeds alleged to be fraudulent, three lots of land designated as numbers 8, 9, and 10, the last two lots being embraced in one and the same deed, a judgment is rendered that lots 8 and 10 are, and that lot 9 is not, subject to the debts held by such creditors, this judgment is conclusive between the wife and those creditors as to the matters thus adjudicated, whether, as an abstract proposition, a deed conveying two lots could or could not be properly treated as fraudulent with respect to one of them and bona fide as to the other.

2. When these judgment creditors subsequently brought an equitable petition against the wife and a corporation which held against her a debt secured by a deed from her to all three of the lots, antedating the judgments which such creditors held against her husband, in which they sought to compel the wife's creditor to first exhaust the proceeds of lot 9 before proceeding to subject lots 8 and 10 to the payment of its claim, and the wife, by her answer, al-

leged that the debt which the corporation held against her was for money borrowed by her with which to pay a debt originally contracted by her husband for a balance of the purchase-money of the three lots, and prayed that her creditor should be compelled to first resort to lots 8 and 10 for the collection of its claim before subjecting lot 9 to the payment of the same, and the trial of the case resulted in a decree substantially in accordance with the prayers of the plaintiffs, to which the wife alone excepted upon the ground that the court erred in not decreeing in accordance with her prayer: *Held*, that so far as her rights were concerned there was no error in the decree of the court.

Submitted March 1,—Decided April 24, 1902.

Equitable petition.   Before Judge Felton.   Bibb superior court. May 20, 1901.

*L. D. Moore*, for Mrs. Earnest.

*R. V. Hardeman*, for the mortgage company.

*Crump & Gerry* and *Hardeman, Davis, Turner & Jones*, contra.

FISH, J.   This case, as to all points raised in the main bill of exceptions, is controlled by the rulings announced in the headnotes. A condensed statement of the material facts is as follows: Earnest purchased three lots in Vineville, which will be referred to as lots 8, 9, and 10.   He paid a greater portion of the purchase-money in cash, and subsequently borrowed the money with which to pay the balance, and mortgaged the premises to secure the payment of the loan.   Shortly thereafter he conveyed all three lots to his wife, by two deeds, one covering lot 8 and the other lots 9 and 10.   After the mortgage debt had been considerably reduced by payments, presumably made by the husband, the wife paid off the remaining portion thereof with money which she borrowed from one Dederick.   Afterwards she paid Dederick with money borrowed from the British & American Mortgage Company Limited, and to secure this company made a deed to all three of the lots.   Merritt and Sherwood, judgment creditors of Earnest, filed an equitable petition against him and Mrs. Earnest, setting up that the deeds from him to her were fraudulent, because made to hinder, delay, and defraud his creditors, and praying that the lands be found subject to the debts which they held against him.   As a result of this litigation, it was adjudged that lots 8 and 10 were subject to the debts held by Merritt and Sherwood, and that lot 9 was not subject.   Thereafter they instituted the present petition against Mrs. Earnest and the British & American Mortgage Company, setting forth, in sub-

stance, the facts above recited, and praying that the Mortgage Company be required to make its money out of lot 9, which was alleged to be amply sufficient to satisfy that company's claim, and that the plaintiffs be allowed to enforce their respective judgments against lots 8 and 10. The case was tried by the judge without the intervention of a jury, the evidence submitted consisting, in part, of an agreed statement of facts; and he rendered a decree in favor of the plaintiffs, substantially in accordance with the prayers of their petition. To this judgment Mrs. Earnest alone excepted.

1. It is certainly clear that the judgment rendered in the equitable proceeding brought by Merritt and Sherwood against Earnest and Mrs. Earnest, to set aside, as fraudulent, the conveyances made by him to her, is conclusive, as to all parties thereto, that lots 8 and 10 were subject to the judgments which Merritt and Sherwood held against Earnest, and that lot 9 was not subject; and this is true whether, as an abstract legal proposition the deed from Earnest to his wife, by which lots 9 and 10 were conveyed, could or could not be properly treated as fraudulent with respect to lot 10 and bona fide as to lot 9. The judgment, as it stands, is conclusive.

2. The main assignment of error in the bill of exceptions is: "The court erred in finding and decreeing that the proceeds from the sale of lot No. 9 be first applied to the payment of the debt due the British & American Mortgage Company Limited; and erred in not finding, adjudging, and decreeing that lots 8 and 10 be first sold and the proceeds therefrom, after paying cost and expense, be first applied to the payment of the said debt due the British & American Mortgage Co. Limited, and that lot 9 be not sold at all, unless lots 8 and 10 failed to bring an amount sufficient to settle said debt and cost, and, in case of such failure, that only so much of the proceeds of lot 9 be applied as was necessary to pay the balance due upon said debt, and the remainder be paid to Laura A. Earnest." Counsel for plaintiff in error contend that the equitable doctrine of marshaling securities and assets, whereby a creditor having a right to satisfy his debt out of two funds may be compelled by another creditor, who can only resort to one of them, to first exhaust the fund upon which the latter has no claim before coming upon the one available to both, does not apply in this case, for the reason that there is no common debtor, Mrs. Earnest not be-

ing indebted to Merritt and Sherwood, and her husband, A. M. Earnest, not being indebted to the British & American Mortgage Company Limited; and *Carter* v. *Neal*, 24 *Ga.* 46, is cited in support of the contention.   It was there held that the creditor of a corporation, with the right to resort to the stockholders, is not a creditor with two funds, within the principle of marshaling, since the stockholders are not common debtors of this creditor and another person who is a creditor of the corporation alone.    McDonald, J., in speaking for the court, said: "The doctrine that a creditor has two funds to which he may resort does not apply to a case like this. The funds must be the funds of a common debtor."    But he was merely applying the general rule to the facts of that case; and the court, we apprehend, did not intend to hold that there could be no exceptions to the rule.

However, in our opinion, the present case, as it is presented to this court, does not necessarily involve this question.   The Mortgage Company did not except to the judgment of the court below, and the only question with which we have to deal is, whether or not the plaintiff in error, Mrs. Earnest, has made any valid complaint against the ruling of the court now under consideration. Her complaint, in substance, is, that the court erred in the judgment rendered, because it did not adjudge that the proceeds of the sale of lots 8 and 10 should be first applied to the payment of the debt due by her to the Mortgage Company, and secured by her deed to all three of the lots in question, and that court erred in directing that lot 9 should be sold at all, except in the event that the proceeds of the sale of lots 8 and 10 should be insufficient to pay the debt due the Mortgage Company.   In the previous litigation instituted by Merritt and Sherwood against Earnest and Mrs. Earnest, it had been, in effect, adjudged that she was a bona fide purchaser, from her husband, of lot 9, and that therefore it was not subject to the judgments which these plaintiffs held against him; but that as to lots 8 and 10 she was not a bona fide purchaser, but that they were conveyed to her by her husband for the purpose of defeating and defrauding his creditors, and were therefore subject to such judgments.   To hold, under such circumstances, that she could encumber lots 8 and 10, which she, as against Merritt and Sherwood, fraudulently held, and also lot 9, for the purpose of removing a lien which rested upon all three of these lots, and then put the whole

burden of paying off this encumbrance upon lots 8 and 10, would not only be inequitable and unjust to Merritt and Sherwood, but would, in effect, uproot the decree of the court rendered in the previous litigation between her and them, which adjudged that, as against her, these lots were subject to the judgments which they held against her husband. The equity which she asserts is based upon the claim that she, with the money which she borrowed from the Mortgage Company, paid off a debt which, as originally contracted by her husband, represented the balance of the purchase-money due by him on lots 8 and 10, and that she is therefore, in equity, entitled to have the debt which she contracted for this purpose paid out of the proceeds of the sale of these two lots. But her own pleadings and the agreed statement of facts show that the debt which was originally contracted by her husband for the purchase-money of these two lots was also contracted for the purchase-money of lot 9, her own lot, which the evidence shows is worth about twice as much as both the other lots. To sustain her contention would, therefore, allow her to place the whole burden of paying her debt, which she contracted for the purpose of removing the existing encumbrance which rested upon all three of the lots, upon lots 8 and 10, thus making these two lots pay the balance of the purchase-money due for her own lot, and depriving Merritt and Sherwood of all the benefit which they took under the decree of the court in the case between them, her husband, and herself. It is obvious that a court of equity will not sustain so inequitable and unjust a claim. Whether, under the facts of the case, equity would allow her to have the debt due by her to the Mortgage Company paid ratably out of the proceeds of lot 9 and the proceeds of lots 8 and 10, or whether, if she had such an equity, she has lost it by not setting it up in the previous litigation with the plaintiffs, are questions not presented by the bill of exceptions, or referred to in the arguments of counsel. It follows that the judgment of the court below must be affirmed.

*Judgment affirmed. Cross-bill of exceptions dismissed. All the Justices concurring, except Lewis, J., absent.*